## Commonwealth, Appellant, v. Rash.

496

Argued October 2, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Bryan A. Hermes,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellant.

*A. Wernick,* of *Evans and Wernick,* for appellee.

OPINION BY KELLER, J., November 18, 1929:

Section 119 of the Criminal Code of 1860 (P. L. 382) provided: "If any director, manager, officer or member of any bank, or other body corporate, or public company, shall make, circulate or publish, or concur

in making, circulating or publishing any written or printed statement or account, which he shall know to be false in any particular, with intent to deceive or defraud any member, shareholder or creditor of such body corporate or public company, or with intent to induce any person to become a shareholder or partner therein, or to entrust or advance any money or property to such body corporate or public company, or to enter into any security for the benefit thereof, he shall be guilty of a misdemeanor.'' Together with Sections 116, 117 and 118 it aimed to cover the field of offenses by ''any director, manager, officer or member of any bank, or other body corporate or public company'' with respect to the embezzlement of corporate funds, keeping fraudulent corporate accounts, destroying or falsifying corporate books, and knowingly making or publishing false statements or accounts.

Following the decision of the Supreme Court in Com. v. Beamish, 81 Pa. 389 (1876), that the sections of the Criminal Code above referred to were not applicable to school districts or municipal corporations, the Legislature in 1878 (June 12, 1878, P. L. 196) amended these sections in four respects: (1) by making them apply to municipal and quasi municipal corporations; (2) by adding to the list of persons affected, ''any superintendent, receiver, employe, agent, attorney or broker'' of the specified bodies corporate, etc.; (3) by increasing the maximum period of imprisonment for violation of their provisions, and changing it from simple imprisonment to imprisonment at labor; (4) by extending the limit of prosecution for such offenses from two to four years. See Culp v. Commonwealth, 109 Pa. 363. The Act of 1878 made no other changes. We are satisfied that, as originally drawn as well as amended, they constitute a series of penal clauses aimed at kindred and related offenses. We are, likewise, of opinion that the fair intendment

of Section 119, as thus amended, is, that it is concerned with the making, circulating or publishing by any officer, etc., of a corporation, etc., of any written or printed statement or account *relating to the affairs of such corporation,* etc., which he shall know to be false in any particular, (1) with intent to deceive or defraud any member, shareholder or creditor of such body corporate, or (2) with intent to induce any person to become a shareholder therein; or entrust or advance any money or property to such body corporate; or enter into any security for its benefit; and that it was not intended to apply to statements or accounts made by such officer, etc., relating only to his individual affairs.

It is further our opinion that Section 119 above referred to is not repealed or affected in any manner by the Act of May 8, 1913, P. L. 161, making it a misdemeanor for any person to make or use a false statement in writing for the purpose of obtaining property, money or credit, or the extension of credit, for the benefit of himself or any other person or of any firm or corporation in which he is interested or for which he is acting. But the limitation of prosecution under that act is two years, not four, and the learned district attorney frankly based the indictment against the present defendant on the Act of 1878, not the Act of 1913.

As the indictment does not charge the defendant with knowingly making, circulating and publishing any false statement or account relating to the affairs of the corporation of which he was alleged to be president, and as a true bill was not found until three years and eleven months after the alleged making of the statement or account relative to his individual resources set forth in the indictment, we are of the opinion that the learned court below committed no error in quashing the indictment.

The order is affirmed.